UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

LANDMARK LEGAL FOUNDATION
19415 Deerfield Ave, Ste 312
Leesburg, VA 20176

        Plaintiff,

vs.

ENVIRONMENTAL PROTECTION AGENCY
1301 Constitution Ave, NW
Washington, DC 20004

        Defendant.

Case No. _____

**COMPLAINT**
**(COMPLAINT FOR DECLARATORY RELIEF)**

Plaintiff Landmark Legal Foundation ("Landmark"), by and through undersigned counsel, brings this action against the U.S. Environmental Protection Agency ("EPA") under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 *et seq.*, seeking declaratory and other relief to enjoin the EPA to expeditiously produce requested documents.

**JURISDICTION AND VENUE**

1. Jurisdiction is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

1

## PARTIES

3. Plaintiff Landmark Legal Foundation is a nonprofit organization created under the laws of Missouri with offices in Leesburg, Virginia and Kansas City, Missouri.

4. Landmark is a national public interest law firm committed to preserving the principles of limited and ethical government, separation of powers, federalism, strict construction of the Constitution and individual rights. Among Landmark's primary activities is the dissemination of information to the public about the conduct of governmental agencies and public officials that runs afoul of constitutional limits or ethical standards.

5. Defendant EPA is a federal agency of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). EPA's headquarters are located at 1301 Constitution Ave, NW, Washington, DC.

## LANDMARK'S FOIA REQUEST

6. In July 2012, major media outlets published news reports indicating that the EPA is intentionally delaying the issuance of controversial new regulations until after the November election. (Exhibit 1, Landmark FOIA Request, attached hereto and incorporated herein by reference, at Exhibit A.)

7. Reports also indicate that the Obama Administration "is seeking to issue regulations before the Nov. 6 elections that may bolster its messaging." (Id.)

8. Additional public reports indicate that some political observers "see a crass political calculation at play: Don't give Romney any more ammunition before the election - and then open the floodgates after the polls close." (Exhibit 1, Landmark FOIA Request at Exhibit D.)

9. Taken together, these news stories suggest several troubling possibilities, including: a) the Obama Administration is improperly politicizing EPA activities; b) EPA officials are attempting to

shield their true policy goals from the public; and/or c) EPA officials themselves are putting partisan interests above the public welfare.

10. Accordingly, on August 17, 2012, plaintiff requested records relating to all proposed rules or regulations that have not been finalized by the EPA between January 1, 2012 and August 17, 2012, not including public comments or other records available on the rulemaking docket.

11. Plaintiff filed the Request with defendant EPA's National Freedom of Information Officer, located at EPA headquarters.

12. Plaintiff sought a waiver of search, review, and reproduction fees pursuant to the FOIA and EPA regulations. Plaintiff also requested and is entitled to expedited processing of its request because it is an entity "primarily engaged in disseminating information" and has an "urgency to inform the public concerning actual or alleged Federal Government activity" under 5 U.S.C. § Section 552(a)(6)(E)(v); 40 CFR 2.104(e)(l)(ii) and 40 CFR 2.104(e)(3).  (Exhibit  1.)

13. By letter dated August 29, 2012, the EPA acknowledged receipt of the Request and assigned it tracking number HQ-FOI-01861-12.  The letter granted Landmark's fee waiver request but denied expedited processing because Landmark had "not demonstrated that the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."  EPA failed to address Landmark's asserted basis for expedited processing.  (Exhibit 2, EPA letter dated August 29, 2012, attached hereto and incorporated herein by reference.)

14. On September 14, 2012, Landmark submitted an administrative Appeal of the EPA's decision to deny expedited processing, demonstrating that EPA applied the incorrect standard to its expedited processing denial.  (Exhibit 3, Landmark's September 14, 2012 Administrative Appeal, attached hereto and incorporated herein by reference.)

15. On October 22, 2012, Plaintiff received EPA's denial of Landmark's administrative appeal. (Exhibit 4, EPA's October 18, 2012 letter denying Landmark's administrative appeal, attached hereto and incorporated herein by reference.)

16. Although the Request has been pending for more than 65 days, the defendant in this suit has not produced any responsive records. Furthermore, Defendant has not provided any basis for withholding responsive records.

17. Landmark has exhausted all administrative remedies provided by statute.

18. In a related case,[1] Defendant was held in contempt for violating a court order and statutory mandates. EPA had erased computer hard drives and email backup tapes containing potentially responsive material despite 1) the Court's preliminary injunction directing EPA to preserve records; 2) the FOIA's clear requirements and 3) EPA's repeated assurances that it was fully compliant with the law. *See Landmark Legal Foundation v. Environmental Protection Agency,* 272 F. Supp. 2d 70, 74 (D.D.C. 2003). Upon information and belief, Plaintiff is concerned that the records requested in the instant FOIA request may likewise not be adequately protected from destruction or concealment.

## CAUSES OF ACTION

19. Defendant's failure to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and defendant's corresponding regulations.

20. Defendant's failure to grant plaintiff's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and 40 CFR 2.104(e).

---

[1] Plaintiff has submitted to the Clerk a Related Case form noting that this matter is related to *Landmark Legal Foundation v. Environmental Protection Agency*, D.C.C. Case No. 00-2238 (RCL).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.Enter an immediate order directing EPA to preserve all records potentially responsive to Plaintiff's FOIA request and prohibiting EPA, its employees, agents or representatives from transporting, concealing, removing, destroying or in any way tampering with records potentially responsive to Plaintiff's FOIA request;

2.Enter an order declaring that the EPA:

a.has wrongfully denied Landmark's request for expedited processing;

b.must immediately conduct an expedited search for responsive records; and

c.must process and produce immediately all records responsive to the Request;

3.Enter an order declaring that Plaintiff Landmark Legal Foundation qualifies as an entity "primarily engaged in disseminating information" for purposes of expedited processing under the FOIA; and

4.Award Plaintiff's costs and reasonable attorneys' fees incurred in this action; and

5.Grant such other relief as the Court may deem just and proper.

DATED: October 22, 2012Respectfully Submitted,

s/ Michael J. O'Neill
Michael J. O'Neill #478669
Landmark Legal Foundation
19415 Deerfield Ave
Suite 312
Leesburg, VA 20176
703-554-6100
703-554-6119 (facsimile)
mike@landmarklegal.org