## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

LANDMARK LEGAL FOUNDATION
19415 Deerfield Ave, Ste. 312
Leesburg, VA 20176

        Plaintiff,

  vs.

ENVIRONMENTAL PROTECTION AGENCY
1301 Constitution Ave, NW
Washington, DC 20004

        Defendant.

Case No. 1:12-cv-01726 (RCL)

**STATEMENT OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. Pro. 65 and Local Rule 65.1, Plaintiff Landmark Legal Foundation ("Landmark" or "Plaintiff") respectfully submits this Statement of Points and Authorities in Support of its Motion for Preliminary Injunction.  Landmark seeks an order from the Court directing Defendant Environmental Protection Agency ("EPA" or "Defendant") to produce by 5 pm on December 24, 2012 all records responsive to Landmark's August 17, 2012 Freedom of Information Act request at issue in this cause of action related to a highly politically charged final rule (as described below) noticed after the filing of this complaint and to expedite production of all other requested records.  Additionally, Landmark requests the Court issue an order directing EPA, its officials, employees and agents, to take necessary steps to preserve all information potentially responsive to Landmark's request.

Despite nearly four months and an agreement to narrow the scope of its request, Landmark has not received a single piece of paper responsive to the Freedom of Information Act request at issue in this cause of action.  Landmark's request seeks records related to EPA rulemaking proposals for which final action may have been delayed for political reasons during 2012 until after the November, 2012 presidential election.  Since the filing of this complaint, EPA has noticed for comment an extremely controversial final rule with a December 31, 2012 comment deadline.  This is precisely the kind of rule about which Landmark was concerned when it submitted its FOIA request.  Despite requests for immediate production of responsive records, EPA has offered to provide responsive records by January 31, 2013 -- 31 days **after** the comment period's expiration.  Landmark seeks this preliminary injunction requiring EPA to produce responsive records immediately in compliance with EPA's FOIA obligations.

**I.       Factual Background.**

In July 2012, major media outlets published news reports indicating that EPA was intentionally delaying the issuance of controversial new regulations until after the November election.  Pl.'s Complaint at ¶ 6.  Other news reports suggested that political observers "see a crass political calculation at play: Don't give Romney any more ammunition before the election – and then open the floodgates after the polls close."  Pl.'s Complaint at ¶ 8.

Concerned by these reports, on August 17, 2012, Landmark requested records relating to all proposed rules or regulations that have not been finalized by the EPA.  Pl.'s Complaint at ¶ 10, Pl's Complaint Exhibit 1 (Landmark's Aug. 17, 2012 FOIA Request).  Specifically, Landmark is seeking the following:

> Any and all records identifying the names of individuals, groups and/or organizations outside the EPA with which the EPA, EPA employees, EPA contractors and/or EPA consultants have had communications of any kind relating

to all proposed rules or regulations that have not been finalized by the EPA between January 1, 2012 and August 17, 2012. For the purposes of this request, "communications of any kind" does not include public comments or other records available on the rulemaking docket.

Any and all records indicating an order, direction or suggestion that the issuance of regulations, the announcements of regulations and/or public comment of regulations should be slowed or delayed until after November 2012 or the presidential election of 2012.

Landmark requested a waiver of fees and expedited processing. Pl.'s Complaint at ¶ 12, Pl.'s Complaint Exhibit 1 (Landmark's Aug. 17, 2012 FOIA Request). In its request, Landmark explained that timely release of responsive records was necessary because such records relate directly to whether EPA was delaying implementation of crucial regulations for political reasons. Landmark noted that delaying finalization "raises the possibility that the EPA's leadership is intentionally concealing its regulatory activity from an unwary public, and/or the possibility that the EPA's leadership is putting the partisan interests of a particular candidate above the safety of the general public..." Pl.'s Complaint, Exhibit 1 (Landmark's Aug. 17, 2012 FOIA Request). Further, Landmark explained that the "health and wellbeing of the public as well as the economic wellbeing of the country are at stake with improper environmental regulation. Pl.'s Complaint, Exhibit 1 (Landmark's Aug. 17, 2012 FOIA Request).

EPA acknowledged receipt of the Request on August 29, 2012 and, at the same time, granted Landmark's request for a fee waiver but denied expedited processing. Pl.'s Complaint Exhibit 2. Shortly thereafter, on September 14, 2012, Landmark appealed this denial. Pl.'s Complaint at ¶ 14.

On September 27, 2012 EPA requested that Landmark narrow the scope of its request. Affidavit of Matthew C. Forys at ¶ 4. Landmark agreed to limit the scope of its request to "senior officials in EPA HQ". Affidavit of Matthew C. Forys at ¶ 5.

On October 18, 2012, EPA rejected Landmark's appeal of EPA's denial of expedited processing. Pl's Complaint at ¶ 15. Landmark initiating the instant suit on October 22, 2012.

On November 29, 2012 the Assistant United States Attorney representing EPA informed Landmark that EPA intended to have all responsive records produced by the end of January, 2013. Affidavit of Richard P. Hutchison at ¶ 7.

On November 30, 2012 -- the very next day -- EPA issued an extremely politically controversial proposed final rule falling squarely under Landmark's FOIA request. The rule is the Reconsideration of Certain New Source and Startup/Shutdown Issues: National Emission Standards for Hazardous Air Pollutants From Coal- and Oil-Fired Electric Utility Steam Generating Units and Standards of Performance for Fossil-Fuel-Fired Electric Utility, Industrial-Commercial-Institutional, and Small Industrial-Commercial-Institutional Steam Generating Units, 77 Fed. Reg. 71323 (EPA-HQ-OAR-2009-0234: EPA-HQ-OAR-2011-0044: FRL-9733-2).

This rule, originally finalized on February 16, 2012, "is expected to be one of the most costly rules ever issued by EPA. It has also proven highly controversial, drawing numerous legal challenges . . .." (King & Spalding Energy Newsletter, September 2012, available at http://www.kslaw.com/library/newsletters/EnergyNewsletter/2012/September/article1.html.) On July 20, 2012, EPA announced that it would reconsider the rule after the upcoming presidential election. Exhibit 1, July 20, 2012 EPA Letter to Patricia T. Barmeyer. Accordingly, any records responsive related to this reconsideration matter are covered by Landmark's FOIA request. This is precisely the anticipated scenario giving rise to Landmark's request for expedited processing and justifying the issuance of a preliminary injunction. It is crucial to have these records to

determine whether EPA engaged in any improper rulemaking activities and to ensure that the public record is complete.

### II. Landmark Is Entitled To Injunctive Relief and Expedited Processing Of Its Request.

#### A. Landmark satisfies the requirements for injunctive relief.

The court may issue interim injunctive relief when the movant demonstrates:

> (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury should the injunction not be granted, (3) the injunction would not substantially injure other interested parties and (4) that the public interest would be furthered by the injunction.

*Mova Pharm Corp. v. Shalala,* 140 F.3d 1060, 1066 (D.C. Cir. 1998).  These factors are to be considered on a sliding scale where "a party can compensate for a lesser showing on one factor by making a very strong showing on another factor." *Washington Post v. Dept. of Homeland Security,* 459 F. Supp. 2d 61, 67 (D.D.C. 2006).  Moreover, this court has considered motions for preliminary injunctions from parties seeking expedited processing of their respective FOIA requests. *See Washington Post v. Dept. of Homeland Security,* 459 F. Supp. 2d at 61, *Elec. Privacy Info. Ctr. v. Dept. of Justice,* 416 F. Supp. 2d 30 (D.D.C. 2006), *Aguilera v. FBI,* 941 F. Supp. 144, 152-53 (D.D.C. 1996).

Success on the merits "does not necessarily mean that [the requester] will receive any documents." *Washington Post v. Dept. of Homeland Security,* 459 F. Supp. 2d at 68.  Instead, courts look to "whether the plaintiff is entitled to full FOIA processing of its records request." *Id.*  A requester is entitled to full FOIA processing when the request seeks records "created or obtained by the agency" and when the records "are under agency control." *DOJ v. Tax Analysts,* 492 U.S. 136, 144-145 (1989).  "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records." *Id.* at 142 n. 3.

5

Landmark seeks records related to EPA's communications with external groups and individuals, including executive branch officials, over proposed rules or regulations. If they exist, these records were created by EPA officials whether they exist in the form of emails, memorandums or letters. They are under EPA control in that they reside in EPA files or electronic databases. At a minimum, the FOIA obligates EPA to process Landmark's request.

Irreparable injury in the context of expediting a FOIA request occurs when a delay in production results in disclosure of "stale information." *See Payne Enters. v. United States,* 837 F.2d 486, 494 (D.C. Cir. 1998) (noting that "stale information is of little value.") Courts also recognize the infliction of irreparable injury when "there exists an 'urgency to inform the public concerning the actual or alleged Federal Government activity.'" *Washington Post v. Dept. of Homeland Security,* 459 F. Supp. 2d at 74 (citing 5 U.S.C. § 552(a)(6)(E)(v)(II)).

A delay in producing responsive records could affect legal challenges to finalized regulations. If EPA placed partisan political interests ahead of the health and wellbeing of the populations, these factors could be relevant in any regulatory challenge brought by interested parties. Moreover, a delay in finalizing environmental regulations raises the possibility that the EPA's leadership is intentionally concealing its regulatory activity from and unwary public.

In short, the December 31, 2012 comment deadline for the November 30, 2012 "Reconsideration of Certain New Source and Startup/Shutdown Issues" makes it impossible for Plaintiff to submit meaningful comments on the record of improper politicization by EPA administrators without the relief Plaintiff seeks. Since EPA has already announced that it will not consider extending the comment deadline (see 77 Fed. Reg. 71323), Landmark and the public will be denied any opportunity to submit adequate comments should any records responsive to the FOIA request pertain to this particular rule.

Producing records on an expedited basis does not burden other parties. Its own Records Management Policy and the Records Retention Act obligates EPA to "make and preserve records containing adequate and proper documentation of their organization, function, policies, decisions, procedures and essential transactions. These records are public property and must be managed according to applicable laws and regulations." EPA Records Management Memorandum, Classification No.: CIO 2155.1, available at http://www.epa.gov/records/. See also 44 U.S.C. § 31 and § 33. Thus, EPA is obligated to preserve any responsive records. Accelerating their production does not place an undue burden on EPA.

Finally, the public interest favors expedited processing and production in that these records are relevant to the propriety of forthcoming regulations. As stated previously, the records will show whether EPA delayed finalization of certain regulations based on political expediency.

### B. Landmark satisfies the requirements for expedited processing.

Before discussing the factors a court will consider when determining whether to award expedited processing, it is crucial to note that even in cases where the requester doesn't seek expedited processing, "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA and the courts have a duty to prevent [these] abuses." *Washington Post v. Dept. of Homeland Security,* 459 F. Supp. 2d at 66 (citing *Payne Enters. v. United States,* 837 F.2d at 494). Landmark filed its request over 90 days ago and has yet to receive a single responsive document. Affidavit of Matthew C. Forys ¶ 7. EPA has already failed to uphold its obligations under the FOIA.

To receive expedited processing, a FOIA request must show a "compelling need" by either: (1) establishing that the failure to obtain the records quickly could reasonably be expected

to pose an imminent threat to the life or physical safety of an individual; or (2) if the requestor is one that is "primarily engaged in disseminating information" and "has an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v); 40 CFR 2.104(E)(1)(ii). Among the factors to be considered as to whether there is a compelling need are "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal governments activity." *ACLU v. Department of Justice,* 321 F. Supp. 2d 24, 29 (D.D.C. 2004).

A public interest group will be considered an entity that is "primarily engaged in disseminating information" when it "gathers information of potential interest into a distinct work, and distributes that work to an audience."  *Elec. Privacy Info. Ctr. v. Dept. of Defense,* 241 F. Supp. 2d 5 (D.D.C. 2003).

As part of its mission as a tax-exempt, public interest law firm, Landmark investigates, litigates and publicizes matters related to improper and/or illegal government activity.  Affidavit of Richard P. Hutchison ¶ 4. Among Plaintiff's primary activities is the dissemination to the public information obtained through the Freedom of Information Act.  Affidavit of Richard P. Hutchison ¶ 5. As stated in its original request, upon receipt of responsive information, Landmark will post records on its website, include the information in its newsletters, publish articles in large circulation print media, and issue press releases to a wide range of media outlets. Affidavit of Richard P. Hutchison ¶ 6.  Additionally, numerous newspapers, news programs, blogs and other media outlets discuss Landmark and its work regularly.  For example, Landmark's request has already been the subject of a news report on Fox News.  In short,

Landmark's ability to process information and activities and convey it in an understandable manner to the public makes it highly sought after for its opinion and editorial content.

Landmark is thus entitled to expedited processing of its request.

### III. Landmark Is Entitled To An Injunction Compelling EPA To Preserve Responsive Information.

In a related case, *Landmark Legal Foundation v. Environmental Protection Agency* (1:00-cv-2338 (RCL)), Plaintiff submitted an identical FOIA request and sought an injunction compelling EPA to preserve repositories of potentially responsive information. Despite this Court's order, EPA failed to secure these repositories and failed to properly circulate the request to relevant officials. *Landmark Legal Foundation v. Environmental Protection Agency,* 272 F. Supp. 2d 70 (D.D.C. 2003).

A similar injunction is necessary in the present case. Contact between EPA officials and Landmark has been limited to communications related to Landmark's October agreement to limit the scope of its request to "senior officials in EPA HQ." Affidavit of Matthew C. Forys ¶ 4. Further, Landmark has concerns the conclusion of this presidential term will result in significant staff turnover at EPA and a failure to produce responsive records.

Landmark will succeed on the merits as its request seeks agency records produced or maintained by EPA officials. Pl.'s Complaint ¶ 10. There have been no assurances of any steps to secure or produce records and there exists the potential of destruction of these records in the near future. Accordingly, Landmark could suffer irreparable injury should any responsive records be destroyed.

Directing EPA to preserve any repositories of potentially responsive records will not burden EPA as such an order provides an additional incentive to adhere to a preexisting legal duty as mandated by EPA document retention policies and the Records Retention Act.

Finally, this order will serve the public interest in ensuring records that could illuminate the public's understanding of EPA decision-making processes are not destroyed. As stated previously, these records will show whether EPA's leadership placed partisan interests ahead of the public welfare.

### IV.  Conclusion.

For reasons set forth in this memorandum, Landmark respectfully requests the Court issue an immediate injunction awarding Landmark's FOIA request expedited processing, require EPA to produce immediately responsive records, and order EPA to take steps necessary to ensure the preservation of all potentially responsive information.

                Respectfully submitted,

                Landmark Legal Foundation

DATED: December 12, 2012

                s/ Michael J. O'Neill
                Michael J. O'Neill #478669
                Mark R. Levin
                Landmark Legal Foundation
                19415 Deerfield Ave
                Suite 312
                Leesburg, VA 20176
                703-554-6100
                703-554-6119 (facsimile)
                mike@landmarklegal.org

11

Richard P. Hutchison  
Landmark Legal Foundation  
3100 Broadway, Suite 1210  
Kansas City, MO 64111  
816-931-5559  
816-931-1115 (facsimile)  
rpetehutch@aol.com

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true and accurate copy of the foregoing Memorandum of Points and Authorities In Support of Plaintiff's Preliminary Injunction was filed electronically with the Court by using the CM/ECF system on this 12th day of December, 2012. Parties that are registered CM/ECF users will be served by the District Court's CM/ECF system.

      /s/ Michael J. O'Neill
      Michael J. O'Neill
      Attorney for Plaintiff