**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**LANDMARK LEGAL FOUNDATION**

**Plaintiff,**

**vs.**

**U.S. ENVIRONMENTAL PROTECTION
AGENCY**

**Defendant.**

**Civ. Act. No. 12-1726 (RCL)**

---

**DEFENDANTS' OPPOSITION
TO THE PLAINTIFF'S REQUEST TO FILE SURREPLY**

On May 15, 2013, Defendant filed its Motion for Summary Judgment pursuant to Fed. R. Civ. P.56.  On June 4, 2013, Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment.  On July 24, 2013, Defendant filed its Reply to Plaintiff's Opposition and in support of its Motion for Summary Judgment.  Thereafter, on July 30, 2013, Plaintiff filed a Motion for Leave to File a Surreply to Defendants' Reply.

Neither the Local Rules nor the Federal Rules of Civil Procedure provide for the filing of surreplies.  *See Robinson v. The Detroit News*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002).  Indeed, "allow[ing] such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs."  *Garrison v. Northeast Georgia Medical Ctr., Inc.,* 66 F. Supp. 2d 1336, 1339-40 (N.D. Ga. 1999).

Although the determination whether to allow a surreply is entrusted to the Court's sound discretion, surreplies are disfavored.  *Crummey v. Social Security Admin*., 794 F. Supp. 2d 46, 62

(D.D.C. 2011). They are generally allowed only when the non-movant is deprived of the opportunity to contest matters raised for the first time in the movant's reply. *Id.* They are not allowed where the non-movant simply seeks to "amplify" issues already briefed or "augment" the record after an opposition has been filed. *Glass v. LaHood*, 786 F. Supp. 2d 189, 230-31 (D.D.C. 2011), *aff'd*, 2011 WL 6759550 (D.C. Cir. Dec. 8, 2011) (*per curiam*); *Schmidt v. Shah*, 696 F. Supp. 2d 44, 59-60 (D.D.C. 2010); *U.S. Commodity Futures Trading Com'n v. McGraw-Hill Companies, Inc.*, 507 F.Supp.2d 45, 49 n. 3 (D.D.C. 2007) (proposed surreply that merely "quibbles over the [other party's] elaboration" of its prior argument fails to meet the requirements for granting a motion to file a surreply); *Robinson* 211 F.Supp.2d at 113 (denying leave to file a surreply where the proposed surreply merely reiterated prior arguments).

An example of a matter newly raised on reply occurs when a defendant moves for summary judgment on a particular ground (for instance, a failure to exhaust administrative remedies in a Title VII case), and then raises a second ground for summary judgment in a reply brief (for instance, that a challenged employment action was taken for a legitimate, non-discriminatory reason). *E.g.*, *Blackledge v. Ala. Dep't of Mental Health & Mental Retardation*, 06-321, 2007 WL 3124452, at *10 (M.D. Ala. Oct. 25, 2007). Such an argument ordinarily should not be raised for the first time in a reply, and, when it is, the non-movant may appropriately be granted leave to file a surreply. But that is not the case here. The arguments that Plaintiff contends EPA has newly raised in fact were thoroughly addressed in its Opposition. Plf's Opp. at Pgs. 11-14. Where, as here, the movant simply has replied to an issue or argument raised in a non-movant's opposition, a surreply should not be granted. *Baloch v. Norton*, 517 F. Supp. 2d 345, 349 n.2 (D.D.C. 2007) ("Because the issue of temporal proximity was first raised by the plaintiff in his opposition . . ., the court will not strike the defendant's reply or grant leave

to file a surreply."); *Armstrong v. Kennedy Krieger Inst., Inc.*, No. 11-3380, 2012 WL 1554643, at *2 (D. Md. Apr. 30, 2012).

This common sense restriction on surreplies recognizes that a movant is not obliged to preemptively address every potential argument that a non-movant might make, lest every opening brief become a compendium of all possible arguments and issues; but that a movant is obliged to reply to the arguments that are actually raised in opposition, lest the Court treat those arguments as conceded.  The latter does not entitle a non-movant to file a surreply.  Rather, just as a movant should put forward its strongest case for summary judgment in its opening brief, the non-movant is well-advised to put forward its strongest case in opposing summary judgment, knowing that under the Court's local rules, the movant has the right to reply.

Plaintiff's argument to file a surreply is essentially that the EPA's search of the Administrator's office was in bad faith because it allegedly did not take place timely enough and, that as a result, spoiliation may be at issue.  Plf's Surreply at p. 2-3.  Plf's Opp. at Pgs. 11-14.  First, the Defendant's Reply was wholly in response to the Plaintiff's allegations of bad faith in its Opposition; and second, as established by the Reply, there is no evidence of bad faith.  Thus, Plaintiff is simply seeking another bite of the apple to which he plainly is not entitled.  *See, e.g., Batte v. Twin City Fire Ins. Co.,*1999 WL 1068470, at *1 (N.D. Tex. 1999) ("the party who has the burden on a particular matter will normally be permitted to open and close the briefing" (citation omitted)).

Contrary to Plaintiff's wild imaginings there is no bad faith evidenced here.  To the contrary, as stated, the initial search request did in fact go to the immediate office of the Office of the Administrator.  May 15, 2013, Declaration of Eric Wachter, ¶ 11; Supplemental Declaration of Eric Wachter, ¶ 17.  The initial document collection was closed on January 25,

2013.  May 15, 2013, Declaration of Eric Wachter, ¶ 15 (Wachter Dec.); July 24, 2013,

Supplemental Declaration of Eric Wachter, ¶ 18 (Supp. Wachter Dec.).  However, "in the course

of finalizing the materials, [the Office of the Executive Secretariat (OEX)] determined that the

search for documents from the former Administrator, the Deputy Administrator, and the Chief of

Staff in the office of the Administrator may have been insufficient.  In the interest of a complete

and adequate response to Plaintiff's request, **the EPA determined that another search [was]**

**required of the accounts of the former Administrator, Deputy Administrator, and Chief of**

**Staff in the office of the Administrator.**  The EPA immediately notified Plaintiff and the Court

of this deficiency and that there would be a number of additional documents that may potentially

be responsive to the plaintiff's request."  Wachter Dec. ¶ 19; Supp. Wachter Dec. ¶ 21-22.

(Emphasis added)  "It is hardly a sign of bad faith to acknowledge an error, particularly where, as

here, the defendant promptly takes steps to correct the error." Sheffield v. Holder, No. 12-1008,

2013 WL 3216059 (D.D.C. June 27, 2013).

As a result of the supplemental search of the Office of the Administrator, which was

accomplished prior to the filing of the Defendant's Motion for Summary Judgment, 4,500

additional potentially responsive documents were found.  Wachter Dec. ¶ 21; Supp. Wachter

Dec. ¶ 23.  This additional search yielded 365 responsive documents.  Wachter Dec. ¶ 30.

The former Administrator left the EPA on February 14, 2013.  Following her resignation,

the Office of the Administrator's staff retained and searched her records, including the secondary

email account, as part of the supplemental search.[1]  Supp. Wachter Dec. ¶ 33.  The fact that

4,500 documents were actually retrieved from the Immediate Office of the Administrator is

---

[1]  The former Administrator's records were searched as part of the supplemental search for
records from the immediate office of the Administrator, which included the former
Administrator, the Deputy Administrator and the Chief of Staff.  Supp. Wachter Dec. ¶ 33

further indication that no records were or have been deleted from these accounts following the former Administrator's resignation from the EPA.  *Id.*

There is nothing new here.  Plaintiff is simply desirous of the last derisive word.

Respectfully submitted,

RONALD C. MACHEN JR. DC BAR #447-889
United States Attorney
For the District of Columbia

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

                              /s/
By:   _____
      HEATHER D. GRAHAM-OLIVER
      Assistant United States Attorney
      Judiciary Center Building
      555 4th St., N.W.
      Washington, D.C. 20530
      (202) 305-1334
      heather.graham-oliver@usdoj.gov

*Of Counsel*:

Jennifer Hammitt
Attorney-Advisor
U.S. Environmental Protection Agency
Office of General Counsel, General Law Office
1200 Pennsylvania Ave. N.W.
Washington, D.C. 20210