UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **LANDMARK LEGAL FOUNDATION** | ) </br> ) </br> ) |
| **Plaintiff,** | ) </br> ) |
| v. | )     Civil Action No. 12-1726 (RCL) </br> ) |
| **ENVIRONMENTAL PROTECTION AGENCY,** | ) </br> ) </br> ) </br> ) |
| **Defendant.** | ) </br> ) |

**DEFENDANT'S SURREPLY MEMORANDUM IN OPPOSITION TO PLANTIFF'S MOTION FOR SPOLIATION SANCTIONS**

Absent this surreply, EPA will be unduly prejudiced insofar as it will be unable to respond to Plaintiff Landmark's demands for new forms of relief, which are being presented to the court for the first time.[1]

Landmark, in the Conclusion of its Reply, asks the Court to impose new sanctions that it had not mentioned in the original Motion and that EPA was thus not able to address in its Opposition. First, Landmark asks for "a finding on the merits of Landmark's concern that prompted its FOIA request: that EPA postponed rules and regulations until after the 2012 election in order to advantage the re-election of the President." (Reply at 21). There is no basis in

---

[1] EPA further disagrees with and disputes the mischaracterizations of fact and testimony as presented in Landmark's Reply, including Landmark's allegations of false testimony before the Court. However, EPA acknowledges that correcting mischaracterizations of fact is not a justification to file a surreply. *United States v. Sum of $70,990,605*, 991 F.Supp.2d 144, 153 -154 (D.D.C.2013) *citing Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C.2001). Furthermore, these allegations are related to EPA's initial and supplemental search for responsive records and are thus not germane to Landmark's pending spoliation motion.

law or in fact for this sort of finding. The Freedom of Information Act, which provides the basis for Plaintiff's suit, only provides for access to agency records. FOIA does not regulate the substantive content of the underlying documents, and the content of such documents is entirely irrelevant to any FOIA lawsuit. Landmark cannot use FOIA, therefore, to request a judicial finding "on the merits" about the substantive content of any requested documents.

Landmark also requests additional discovery at EPA's expense, including a deposition of its current senior-most official, Administrator McCarthy, not in search of records responsive to its 2012 FOIA request but rather, "to continue its exploration of EPA spoliation policy." That request is in no way pertinent to the issues in this case. Landmark itself acknowledges that this additional discovery is unnecessary when it states that it has developed all evidence that it believes it needs to support its spoliation motion. (Reply at 22). A party cannot file a motion, be confronted with a lack of factual evidence supporting that motion, and then demand further discovery in order to carry its burden of proof. *Cf.* Fed. R. Civ. P. 56(c) (allowing the *non-movant* the ability to request further discovery in order to *oppose* a motion). Further, Landmark's case has, at this point, become unmoored from its underlying FOIA request and has mutated into a free-form investigation, at the taxpayer's expense, of EPA record management practices by a private litigant with no boundary of responsiveness or relevance. Landmark's new request for further discovery, in a reply brief no less, is entirely inappropriate and should be denied on its face.

## CONCLUSION

WHEREFORE, for all the reasons set forth above, the Defendant respectfully requests the Court to deny Plaintiff Landmark's Motion for Spoliation Sanctions.

Dated:  October 6, 2014                                        Respectfully submitted,


                                                  RONALD C. MACHEN JR. DC BAR #447-889
United States Attorney
For the District of Columbia

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division


                                                  /s/
By:      _____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334
heather.graham-oliver@usdoj.gov


*Of Counsel*:

Jennifer Hammitt
Attorney-Advisor
U.S. Environmental Protection Agency
Office of General Counsel, General Law Office
1200 Pennsylvania Ave. N.W.
Washington, D.C. 20210